**Benjamin D. Knaupp**, OSB 973051
E-Mail: bknaupp@gmail.com
Garland Griffiths Knaupp, Attorneys
254 N First Ave.
Hillsboro, OR 97124
Tel. (503) 846-0707

**Attorney for Plaintiff**

IN THE UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Kevin Moe**, an individual, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | **Fair Debt Collection Practices Act**<br>**Unfair Trade Practices** |
| **Bayview Loan Servicing, LLC**, | **Breach of Contract**<br>**Unjust Enrichment** |
| Defendant. | **(15 U.S.C. § 1692)** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, Kevin Moe, through his attorney Benjamin D. Knaupp, files this complaint against Bayview Loan Servicing, LLC for violation of the Fair Debt Collection Act, unfair trade practices, and unjust enrichment, as more fully described below.

//

**COMPLAINT  - 1**
Garland Griffiths Knaupp, Attorneys
254 N. First Ave.
Hillsboro, OR 97124
Tel. (503) 846-0707; Fax (503) 419-4912

## PARTIES

1.

Plaintiff, Kevin Moe, an individual, resides at 3795 NE Jackson School Rd. in Hillsboro, Oregon.

2.

Defendant Bayview Loan Servicing, LLC is a Delaware limited liability company with its principal place of business located at 4425 Ponce De Leon Blvd., 4th Floor in Coral Gables, Florida 33146.

## VENUE AND JURISDICTION

3.

This Court has jurisdiction over the parties and the claims.  The Plaintiff is a citizen of Oregon, and the Defendant is a citizen of Delaware, with its principal place of business in Florida, doing business in the state of Oregon.  This Court has jurisdiction over Plaintiff's federal claims for violations of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692 et seq.  This court has supplemental jurisdiction over Plaintiff's additional claims for unfair trade practices, breach of contract, and unjust enrichment pursuant to 28 U.S.C. § 1367.

## STATEMENT OF FACTS

4.

Plaintiff currently owns the property located at  3795 NE Jackson School Rd. in Hillsboro, Oregon. That property is, and has been throughout the period described herein,

**COMPLAINT  - 2**
Garland Griffiths Knaupp, Attorneys
254 N. First Ave.
Hillsboro, OR 97124
Tel. (503) 846-0707; Fax (503) 419-4912

encumbered by a first, second, and third mortgage.

5.

Plaintiff began to experience significant financial hardship in 2010 when a business he started failed. Because of the business failure and the debts associated, plaintiff filed for bankruptcy, and was granted a discharge of his debts on April 27, 2010. **(Exhibit 1, Order of Discharge).**

6.

In February 2014, Chase notified Plaintiff that M&T Bank ("M&T") would begin servicing Plaintiff's mortgage with a letter dated January 31, 2014. **(Exhibit 2, Notice of Assignment).**

7.

Plaintiff's mortgage loan was in default at the time that Chase transferred the loan to M&T.

8.

On April 23, 2014 Defendant sent a letter to Plaintiff stating that Defendant was offering Plaintiff an opportunity to enter into a Trial Period Plan ("TPP") for a mortgage modification. **(Exhibit 3, TPP Offer)**.

9.

The TPP stated that Plaintiff could accept this offer by notifying Defendant of his acceptance by May 7, 2014. *Id.* Plaintiff notified Defendant as requested.

10.

The TPP stated that Plaintiff was required to make the trial period payments of $2,098.15 each month for three months starting June 1, 2014. **Id.** If Plaintiff failed to make the required payments the TPP "offer [will] be revoked." **Id.** Plaintiff made the three required payments on time and for the required amounts.

11.

The TPP offer provided that Defendant would sign one of the modification copies, thereby making the modification permanent, if Plaintiff made all three of his trial period payments on time and returned two copies of a modification agreement with Plaintiff's signature.  **Id.**

12.

When Plaintiff contacted Defendant to inquire when Plaintiff would receive confirmation that the modification was permanent, Defendant told Plaintiff to continue making payments for the amount described in the TPP and that a permanent modification was forthcoming. Plaintiff continued to make the required payments for an additional three months before Defendant notified him that the modification would not be granted.

13.

On December 2, 2014 Defendant notified Plaintiff that Defendant would not approve a loan modification despite Plaintiff's successful completion of all requirements contained within Defendants TPP loan modification offer. **(Exhibit 4, Bayview Denial Letter).** The only information that Defendant gave to explain its denial was that "[t]here

**COMPLAINT - 4**
Garland Griffiths Knaupp, Attorneys
254 N. First Ave.
Hillsboro, OR 97124
Tel. (503) 846-0707; Fax (503) 419-4912

are unresolved title issues, claims and/or judgments preventing us for [sic] approving your modification." **Id.**

14.

On January 2, 2015, Plaintiff sent Defendant a written request for a refund of all payments Plaintiff had made in reliance of Defendant's offer of a loan modification. **(Exhibit 5, Demand for Refund).**

15.

On January 15, 2015 Defendant sent a letter to Plaintiff confirming their receipt of Plaintiff's letter. **(Exhibit 6, Acknowledgment Letter).** On January 20, 2015 Defendant sent another letter to Plaintiff stating that they had completed their investigation in the matter. **(Exhibit 7, Investigation Letter).**

16.

In Defendant's January 20, 2015 letter, Defendant confirmed that Plaintiff had successfully completed a TPP and that Defendant received six payments for a total $13,048.06. **Id.** However, Defendant refused to refund any portion of those payments to Plaintiff. **Id.** Further, Plaintiff stated that the denial of the modification was due to liens on the property that were not subordinate to the loan that was being reviewed for modification. **Id.**

<u>FIRST CLAIM FOR RELIEF</u>

<u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

17.

Paragraphs 1-16 above are incorporated as if fully set out herein.

18.

Because Plaintiff's loan was delinquent at the time that Defendant began to service the loan, Defendant is a debt collector and must follow the provisions of the Fair Debt Collection Practices when collecting on the debt.

19.

Defendant was aware, or should have been aware, of Plaintiff's multiple liens on the property as the liens were public record, were disclosed in Plaintiff's bankruptcy filing, and Defendant had received all of Chase's documents relating to the mortgage when it took over servicing of plaintiff's loan.

20.

Defendant's conduct of offering a loan modification to Plaintiff, while withholding necessary information about Plaintiff's ability to qualify for the modification and requiring that Plaintiff pay six months of mortgage payments for a modification that Defendant knew it would not give were false, deceptive, and misleading representations in connection with the collection of a debt. Defendant's actions were unfair to Plaintiff and constitute a violation of 15 U.S.C. § 1692(e) as they were deceptive and misleading.

21.

Defendant's false and misleading written offers and verbal assurances made to plaintiff induced him to pay money to Defendant, which Defendant would not otherwise

**COMPLAINT  - 6**
Garland Griffiths Knaupp, Attorneys
254 N. First Ave.
Hillsboro, OR 97124
Tel. (503) 846-0707; Fax (503) 419-4912

have been able to collect, causing actual damages to Plaintiff in the amount of $13,048 in wrongfully solicited payments, and by causing Plaintiff to incur court costs and attorney's fees to bring this action against Defendant.  Defendant should also be ordered to pay up to $1,000 in statutory damages to Plaintiff pursuant to 15 U.S.C. § 1692(k).

SECOND CLAIM FOR RELIEF

UNLAWFUL TRADE PRACTICES

22.

Paragraphs 1-21 above are incorporated as if fully set out herein.

23.

Defendant's acts specifically described above constitute unlawful trade practices. Defendant's conduct constitutes a failure to deal with the Plaintiff in good faith.

24.

Defendant's failure to comply with its duty to provide Plaintiff with a permanent loan modification constitutes unlawful trade practices pursuant to ORS 646.638.

25.

Defendant's use of false, deceptive, and misleading representations to obtain money from Plaintiff was unfair and deceptive conduct in trade and commerce.

26.

As alleged above, Defendant's offer to Plaintiff for a loan modification failed to disclose material facts or purposefully promised a modification that Defendant had no intention of providing.

27.

Defendant is liable for the actual damages suffered by Plaintiff in the amount of $13,048.06 and any reasonable attorney fees and costs that the Court decides to award.

THIRD CLAIM FOR RELIEF

BREACH OF CONTRACT

28.

Paragraphs 1-27 above are incorporated as if fully set out herein.

29.

Defendant's April 23, 2014 letter refers to itself as an offer for a Trial Period Plan that must be completed to permanently modify Plaintiff's mortgage. **(Exhibit 3, TPP Offer).** Defendant's letter required Plaintiff to notify Defendant of Plaintiff's intent to accept the offer and to make three payments in the amount of $2,098.15. **Id. at 1.** Plaintiff fulfilled both requirements by notifying Defendant of Plaintiff's intent to accept Defendant's offer and by making the three required payments.

30.

Defendant's letter to Plaintiff stated that "[o]nce you have successfully made each of the payments above by their due dates, you have submitted two signed copies of your modification agreement, and we have signed the modification agreement, your mortgage will be permanently modified in accordance with the terms of the modification agreement." **Id. at 3.** Defendant's letter further stated that "[o]nce you make all of your trial period payments on time and return to us two copies of a modification agreement

**COMPLAINT - 8**
Garland Griffiths Knaupp, Attorneys
254 N. First Ave.
Hillsboro, OR 97124
Tel. (503) 846-0707; Fax (503) 419-4912

with your signature, we will sign on copy and send it back to you so that you will have a fully executed modification agreement..." **Id. at 4.** Plaintiff sent the signed modification agreement to Defendant, however, Defendant never signed the agreement.

31.

Under the terms of Defendant's own offer, Defendant was contractually obligated to sign and return a copy of the loan modification agreement, thereby making the loan modification permanent, because Plaintiff successfully completed all requirements stated in the offer.

32.

Defendant breached its contract with Plaintiff by failing to sign a copy of the modification agreement and by failing finalize the loan modification after Plaintiff made the payments that Defendant's offer required.

33.

Defendant's breach of the contract has caused Plaintiff to incur monetary damages in the amount of $13,048 for the money Plaintiff paid to Defendant under the terms of the contract.

FOURTH CLAIM FOR RELIEF

UNJUST ENRICHMENT

34.

Paragraphs 1-33 above are incorporated as if fully set out herein.

35.

As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiff.

36.

Because Defendant has been unjustly enriched at the expense of Plaintiff, Defendant should be ordered to reimburse Plaintiff for the full amount that Plaintiff paid, in the amount of $13,048.

## CLAIM FOR ATTORNEY FEES AND COSTS

37.

Pursuant to 15 USC 1692(a)(3) Plaintiff is entitled to an award for reasonably attorney's fees and costs of the action in successfully enforcing Plaintiff's rights under the Fair Debt Collection Practices Act. Further, for unfair trade practices, pursuant to ORS 646.638(3), Plaintiff is entitled to an award of his reasonable attorney fees and costs for work performed in bringing this legal action, and on any appeal, if necessary. At the time the lawsuit was filed, plaintiff's accrued attorney fees were approximately $3,000.

38.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for:

(1)    An award for actual damages suffered in the amount of $13,048;

(2)    An award of statutory damages against Defendant in the amount of $1,000 pursuant to 15 U.S.C. §1692(k); and

---

**COMPLAINT  - 10**
Garland Griffiths Knaupp, Attorneys
254 N. First Ave.
Hillsboro, OR 97124
Tel. (503) 846-0707; Fax (503) 419-4912

(3)     An award of reasonable attorney's fees and costs associated with bringing this

claim;

(4)     Demand for jury trial on all proper claims.

Dated: June 16, 2015

/s/ Benjamin D. Knaupp
Benjamin D. Knaupp, OSB 973051
Attorney for Plaintiff
Garland Griffiths Knaupp, Attorneys
254 N 1st Ave.
Hillsboro, OR 97124
Tel. (503) 846-0707
Fax (503) 419-4912
Email: bknaupp@gmail.com

**COMPLAINT  - 11**
Garland Griffiths Knaupp, Attorneys
254 N. First Ave.
Hillsboro, OR 97124
Tel. (503) 846-0707; Fax (503) 419-4912